IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CT-3259-D

| | |
|---|---|
| RONALD McCLARY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| LIEUTENANT CROSSON, et al., ) | |
| ) | |
| Defendants. ) | |

On October 7, 2015, Ronald McClary ("McClary" or "plaintiff"), a state inmate proceeding pro se who is serving a life sentence for murder, filed this action under 42 U.S.C. § 1983 [D.E. 1]. On June 28, 2017, Magistrate Judge Numbers issued a Memorandum and Recommendation ("M&R") [D.E. 68] recommending that the court grant defendants' motion for summary judgment [D.E. 55] and dismiss McClary's complaint. On July 10, 2017, McClary objected to the M&R [D.E. 71].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F .3d at 315 (quotation omitted).

As to those portions of the M&R to which McClary did not object, the court has reviewed the M&R and the record. There is no clear error on the face of the record.

Accordingly, the court adopts the conclusions in the M&R to which there was no objection.

As for McClary's objections, McClary contends that defendants used excessive force on him on December 12, 2014. Magistrate Judge Numbers recommended granting defendants' motion for summary judgment because, even viewing the record in the light most favorable to McClary, no rational jury could find that defendants used excessive force against McClary on December 12, 2014. See M&R at 5–8.

To show that a prison official violated his Eighth Amendment rights by using excessive force, a prisoner must establish "more than indifference, deliberate or otherwise. The claimant must show that officials applied force maliciously and sadistically for the very purpose of causing harm." Farmer v. Brennan, 511 U.S. 825, 835 (1994) (quotation omitted). To succeed, the claimant must show that "the officials acted with a sufficiently culpable state of mind" and that "the alleged wrongdoing was objectively harmful enough to establish a constitutional violation." Hudson v. McMillian, 503 U.S. 1, 8 (1992) (quotations and alteration omitted); see, e.g., Farmer, 511 U.S. at 834–36.

"The core judicial inquiry . . . [is] not whether a certain quantum of injury was sustained, but rather whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (per curiam) (quotations omitted); see United States v. Gore, 592 F.3d 489, 494 (4th Cir. 2010). Factors relevant to determining the prison official's state of mind include "(1) the necessity for the application of force; (2) the relationship between the need for force and the amount of force used; (3) the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them at the time; and (4) the efforts made to temper the severity of the force applied." Tedder v. Johnson, 527 F. App'x 269, 272 (4th Cir.

2013) (unpublished) (quotations omitted); see Whitley v. Albers, 475 U.S. 312, 321 (1986).

McClary has an extensive history of disciplinary infractions. Thus, the Department of Public Safety ("DPS") decided to transfer McClary from Polk Correctional Institution ("Polk") to Lanesboro Correctional Institution ("Lanesboro") and designate McClary to maximum control status. See Medlin Aff. [D.E. 58-1] ¶¶ 6–7 & Ex. A. The transfer occurred on December 12, 2104. During the transfer, McClary was in full restraints and on a security alert because he had recently assaulted staff. See Crosson Aff. [D.E. 58-3] ¶ 11. During the transfer, correctional officers initially placed McClary in a car for transport. Id. ¶¶ 10–11. The correctional officers then decided to place him in a van with another prisoner for transport. Id. ¶¶ 12–14. McClary became agitated and refused to exit the car and enter the van. Id. ¶¶ 15–16. McClary contends that defendants dragged him from the car, threw him into the van, and beat him up. See Compl. [D.E. 1] 4; Am. Compl. [D.E. 13] 5. Defendants deny McClary's allegations. See, e.g., Crosson Aff. [D.E. 58-3] ¶¶ 20–22. Rather, they assert that McClary refused to enter a van for transport to Lanesboro and that Officers Wall and Williams used a "soft hand escort" to remove McClary from the car and then carry him to the van because he refused to walk. See id. ¶¶ 18–22; Wall Aff. [D.E. 58-4] ¶¶ 10–19; Williams Aff. [D.E. 58-5] ¶¶ 10–18; Hicks Aff. [D.E. 58-6] ¶¶ 12–23.

After the alleged assault, Polk medical staff examined McClary. The medical examination reflected an abrasion on McClary's left wrist and a bump on his head. See [D.E. 58-7] 1–14; [D.E. 58-8] 1–10. After the medical examination, DPS transported McClary to Lanesboro. M&R at 4. McClary received a second medical evaluation at Lanesboro. See [D.E. 58-7] 1–14; [D.E. 58-8] 1–10. During this medical examination, McClary reported no complaints. Id. McClary's vital signs were normal, and no further medical treatment was recommended. Id.

3

Prison officials investigated the alleged use-of-force incident. M&R at 4. The investigator found that the amount and type of force that McClary claimed was used on him conflicted with the two medical examinations and the evidence, and that McClary's abrasion and bump were self-inflicted. Id. The investigator also found that the use of force did not exceed the force necessary to move McClary from the car to the van. Id.

After reviewing the M&R, the record, and McClary's objections, the court agrees with the legal conclusions in the M&R. See id. at 5–8. In response to defendants' motion for summary judgment, McClary failed to cite competent evidence from which a reasonable jury could find that defendants used excessive force against him in violation of the Eighth Amendment. Although McClary contends he was dragged from the vehicle, thrown into the van, and beaten up, he cites no competent evidence to support these assertions. McClary's only verified statement concerning the incident is his initial verified complaint, which contains the conclusory assertion that McClary was "thrown in the van and beaten." Compl. at 4.[1] Nor does McClary cite any competent evidence rebutting the competent evidence that defendants submitted that the abrasion on his wrist and bump on his head did not result from the alleged use of force. See [D.E. 58-1] 1–4; [D.E. 58-2] 1–6; [D.E. 58-3] 1–5; [D.E. 58-4] 1–4; [D.E. 58-5] 1–4; [D.E. 58-6] 1–4; [D.E. 58-7] 1–14; [D.E. 58-8] 1–10. In fact, the evidence in the contemporaneous medical records belie McClary's contention that defendants dragged him and beat him. [D.E. 58-7] 1–14; [D.E. 58-8] 1–10. Even viewing the record in the light most

---

[1] McClary reiterates these and other facts surrounding the incident in several unsworn, unverified "motions for leave," which Magistrate Judge Numbers construed as motions to amend his complaint. See [D.E. 10, 11, 13]. McClary cannot use these filings to defeat summary judgment. See, e.g., Orsi v. Kirkwood, 999 F.2d 86, 92 (4th Cir. 1993); Bragg v. Bd. of Governors, No. 5:14-CV-887-F, 2017 WL 384311, at *2 (E.D.N.C. Jan. 25, 2017) (unpublished). The record also contains McClary's own witness statement of the incident, which is hearsay. See [D.E. 11-1] 12–15.

4

favorable to McClary, no reasonable jury could find that defendants failed to apply reasonable force proportional to the situation. See, e.g., Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986); Goldberg v. B. Green & Co., 836 F.2d 845, 848 (4th Cir. 1988); May v. Vanlandingham, No. 5:06-CT-3124-D, 2008 WL 2278501, at *5 (E.D.N.C. June 3, 2008) (unpublished), aff'd, 293 F. App'x 983 (4th Cir. 2008) (per curiam) (unpublished); Jackson v. Hart, No. 5:13-CT-3202-D, 2015 WL 6873596, at *6 (E.D.N.C. Nov. 9, 2015) (unpublished); Wesley v. Oakes, No. 5:12-CT-3128-D, 2014 WL 11996386, at *3 (E.D.N.C. Feb. 25, 2014) (unpublished); Galeas v. Horne, No. 3:11-CV-220-RJC, 2013 WL 1181600, at *7 (W.D.N.C. Mar. 21, 2013) (unpublished). Likewise, no reasonable jury could find that defendants used force against McClary maliciously and sadistically for the very purpose of causing harm, rather than in a good-faith effort to maintain and restore discipline following McClary's acknowledged refusal to comply with an order. See, e.g., Jackson, 2015 WL 6873596, at *6; Wesley, 2014 WL 11996386, at *3; Galeas, 2013 WL 1181600, at *7. Thus, the court grants defendants' motion for summary judgment.

In sum, McClary's objections [D.E. 71] are OVERRULED. The court adopts the conclusions in the M&R [D.E. 68]. Defendants' motion for summary judgment [D.E. 55] is GRANTED, and McClary's claims are DISMISSED. The clerk shall close the case.

SO ORDERED. This 22 day of September 2017.

JAMES C. DEVER III
Chief United States District Judge

5